UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CEDRIC GREENE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:25-cv-00876-PLC |
| ) | |
| INGLEWOOD ONE STOP, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Cedric Greene has filed a civil complaint and an application seeking leave to proceed in forma pauperis. The Court will deny the application and dismiss this case for lack of proper venue.

**I.  Facts and Background**

Since March 05, 2025, Greene has filed nearly 40 cases pro se and in forma pauperis in this Court.  He sued some defendants repeatedly.  To date, the Court has reviewed most of his cases under 28 U.S.C. § 1915 and dismissed each one before service, citing procedural and jurisdictional defects including improper venue and lack of jurisdiction.  In some cases, the Court cited maliciousness as a basis for dismissal, notably on April 14, 2025 in *Greene, et al. v. United States Postal Service*, No. 4:25-cv-00451-RWS. Undeterred by those dismissals, Greene continued filing similar cases.

Greene has a history of abusing the judicial process in other federal courts. In 2016, the Supreme Court of the United States found that Greene had "repeatedly abused" its process, and directed its clerk to refuse to accept future in forma pauperis petitions from him in noncriminal matters. *See In re Greene*, 578 U.S. 974 (2016). In January 2024, the United States Court of Federal Claims determined that "Greene's abuse of the judicial system precludes him from proceeding IFP

in this court." *Greene v. U.S.,* 169 Fed. Cl. 334, 339 (2024), *appeal dismissed,* No. 2024-1475, 2024 WL 2239024 (Fed. Cir. May 17, 2024).  The Court of Federal Claims estimated that Greene had filed more than three hundred cases in federal courts across the country.  *Id.*  Other federal circuit and district courts have imposed filing restrictions on Greene.  *See Greene v. Sprint Nextel Corp.*, 750 F. App'x 661, 666 & n.3 (10th Cir. 2018) (noting filing restrictions imposed on Greene in the Ninth and Tenth Circuit courts, as well as federal district courts in Kansas, Utah, California, and Nevada).

Greene instituted the instant action by filing a complaint against Inglewood One Stop.  He provided a Los Angeles, California address for himself, and stated the Defendant is located in Los Angeles.  He claims he "patronized the Inglewood One Stop with a rolling cart" on December 09, 2024, but "Inglewood One Stop . . . used Greene's cart as a discriminatory purpose to say he wasn't permitted to use their services for rolling cart reasons."  Doc. [1] at 5.  Greene also claims that "One Stop staff harassed Greene . . . regarding rolling cart matters before he could start computer usage, and then kicked him out of their business establishment after alleging that his two hours were up."  *Id.*  He states he seeks monetary relief, but does not "wish to say the monetary amount at this time . . .".  *Id.* at 7.

## II. Discussion

The Court first considers Greene's application to proceed in forma pauperis.  To discourage the filing of baseless litigation and conserve judicial resources, this Court has a duty to deny in forma pauperis status to those who have abused the judicial system.  *See In re Sindram*, 498 U.S. 177, 180 (1991) and *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).  As discussed above, Greene has repeatedly filed improper cases in this Court, and it is apparent that this case is part of a pattern of that improper and abusive litigation.  And the United States Supreme Court, the Court

of Federal Claims, and federal circuit and district courts have sanctioned Greene after finding that he had abused the judicial process.   The Court will therefore deny Greene's application.

Additionally, it is clear that venue does not lie in this judicial district.  Greene could bring this action in: (1) a judicial district in which any defendant resides, if all defendants reside in the state where the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction.  *See* 28 U.S.C. § 1391(b).  None of those requirements are present here.

This Court must therefore dismiss this action, or if it is in the interests of justice, transfer it to any district in which it could have been brought.  28 U.S.C. § 1406(a).  Transfer is not in the interests of justice because Greene is an abusive litigant, and there is no indication that he filed this case in a legitimate attempt to vindicate a cognizable right.  The Court will therefore dismiss this action pursuant to 28 U.S.C. § 1406(a).

Accordingly,

**IT IS HEREBY ORDERED** that Cedric Greene's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 2) is **DENIED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for lack of proper venue.  See 28 U.S.C. §§ 1391, 1406(a).

Dated this 30th day of June 2025.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE